# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

AMY MELLIJOR, )
)
                   Plaintiff, )
) CIVIL ACTION
v. )
) No. 12-1075-JWL
CAROLYN W. COLVIN,[1] )
Acting Commissioner of Social Security, )
)
                   Defendant. )
_____ )

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability(SSD) benefits and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding that the ALJ's credibility determination is unreviewable, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g)

---

[1]On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

REMANDING the case for further proceedings properly to consider and explain the credibility of Plaintiff's allegations of symptoms.

## I. Background

Plaintiff applied for SSD and SSI alleging disability beginning March 1, 2008. (R. 9, 108-16). In due course, Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. She alleges numerous, and in some cases merely technical, errors in the Administrative Law Judge's (ALJ's) decision denying benefits in this case. Nevertheless, the court's review reveals that remand is necessary because the ALJ's credibility determination is incomprehensible and therefore unreviewable. However, the court's review does not reveal that the evidence points but one way, and the court does not reach Plaintiff's other allegations of error. Plaintiff may make her arguments in that regard to the Commissioner on remand.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind

might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner

assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

## II. The Credibility Determination

The court's review of an ALJs' credibility determination is deferential.  Credibility determinations are generally treated as binding on review.  Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983).  They "are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence.  Wilson, 602 F.3d at 1144; accord Hackett, 395 F.3d at 1173.  Therefore, in reviewing the ALJ's credibility determinations, the court will usually defer to the ALJ on matters involving witness credibility.  Glass v. Shalala, 43 F.3d 1392,

4

1395 (10th Cir. 1994); but see Thompson v. Sullivan, 987 F.2d 1482, 1490 (10th Cir. 1993) ("deference is not an absolute rule"). "However, '[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" Wilson, 602 F.3d at 1144 (quoting Huston, 838 F.2d at 1133); Hackett, 395 F.3d at 1173 (same).

Unfortunately, in this case the court finds it cannot comprehend, and therefore cannot review the ALJ's credibility determination. Plaintiff points out that the ALJ found that Plaintiff's allegations regarding all of her severe impairments are not credible, but did not explain his rationale for this finding. The Commissioner addresses Plaintiff's argument only in a footnote in her brief, and argues that the ALJ did not "completely reject" those impairments, and that a "complete reading of the decision shows that the ALJ found Plaintiff's allegations of disabling symptoms resulting from those impairments is not credible." (Comm'r Br. 9, n.3) (citing R. 13-15).

Despite the Commissioner's attempt to clarify the ALJ's credibility finding, the court finds that the decision cannot be understood merely as the Commissioner suggests, (nor in any other way) without engaging in post hoc rationalization of the decision, and the court simply may not provide a rationale for the Commissioner's decision which is not evident from the decision itself. See, Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005) (reviewing court may not create post-hoc rationalizations explaining treatment of evidence which is not apparent from decision); Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004) (ALJ's decision evaluated solely on reasons stated); Knipe v.

5

Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985) (decision cannot be affirmed based on appellate counsel's post hoc rationalizations).

As Plaintiff asserts, the ALJ found at step two of the sequential evaluation process that Plaintiff "has the following severe impairments: major depressive disorder, post traumatic stress disorder (PTSD), and history of obsessive compulsive disorder (OCD)." (R. 11) (bold omitted). The ALJ found no other severe impairments in this case. Id. In assessing RFC, before moving on to his step four analysis, the ALJ stated his finding that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible." (R. 14). In the very next paragraph, the ALJ began his explanation why he found Plaintiff's allegations of symptoms not credible:

> The claimant's alleged major depressive disorder, post traumatic stress disorder (PTSD), and history of obsessive compulsive disorder (OCD) are not credible in light of the medical evidence of record. The claimant has reported symptoms including bad dreams and nightmares related to abuse she experienced in childhood. She has reported difficulty being around men or around violence. The claimant has also reported an obsessive need to clean her residence and keep things in place. The claimant has reported showering multiple times per day (Exhibits 4F, 10F [(R. 228-39, 283-98)]). The claimant has sought inpatient psychiatric treatment in the past reporting she was feeling like she was having a nervous breakdown. The claimant has reported suicidal ideation and self-harming behaviors (Exhibits 7F, 9F, 10F [(R. 258-63, 266-98)]). At times, the claimant has reported symptoms of psychosis, including auditory and visual hallucination, feeling she is being watched, feeling she is being followed, and extreme paranoia (Exhibits 9F, 10F [(R. 266-98)]). One treatment provider noted the claimant did not appear to be responding to internal stimuli despite her reports of hallucinations (Exhibit 9F [(R. 266-82)]). Another treatment provider noted the claimant was probably experiencing pseudohallucinations based on how the claimant described her symptoms (Exhibit 10F [(R. 283-98)]).

(R. 14-15) (emphasis added). In the next four paragraphs, the ALJ provided additional reasons for finding Plaintiff's allegations not credible, discussing Plaintiff's psychiatric hospitalizations, discussing the apparent reasons Plaintiff pursued treatment, noting that Plaintiff has not followed treatment plans, and noting that Plaintiff's treatment has been routine and conservative. Id. at 15.

     In context, the paragraph quoted above simply does not make sense. If one assumes, as did the Commissioner in her brief, that the ALJ intended what he wrote, that Plaintiff's allegations regarding depressive disorder, PTSD, and OCD are not credible, the paragraph is internally consistent if one understands it as pointing out Plaintiff's extreme reports which are presumably merely overstatements, and impliedly concluding that Plaintiff's reports are merely the product of pseudohallucinations and not to be accepted. If that is the case, the paragraph appears to state merely another reason to discount the credibility of Plaintiff's allegations and is consistent with the next four paragraphs of the decision. However, there are two major problem with this assumption. First, the ALJ did not make a finding that Plaintiff's statements recorded in this paragraph were overstatements, nor did he make a finding that Plaintiff's statements were the product of pseudohallucinations. (Or, as the Commissioner would have it, that Plaintiff has the severe impairments alleged, but that her allegations of disabling symptoms related to these very impairments are not credible.) But, the ALJ merely stated Plaintiff's actions and Plaintiff's reports, and stated the conclusions that two treatment providers had reached. The reader is left with nothing but physical proximity and his own

7

rationalizations to reach the assumption the Commissioner reaches. Second, if one reaches this assumption, the paragraph is grossly inconsistent with the ALJ's step two finding that depressive disorder, PTSD, and OCD are Plaintiff's only severe impairments. And the ALJ did not recognize, and said nothing to explain, this serious inconsistency or ambiguity. Therefore, if one is to reach the conclusions needed to support this scenario, one must make post hoc rationalizations for the ALJ.

If, on the other hand, one assumes that the ALJ made a typographical error, and intended to state that Plaintiff's allegations regarding depressive disorder, PTSD, and OCD <u>are credible</u>, that statement would agree with the ALJ's step two finding that these impairment are severe, and it is internally consistent if one understands it to be the ALJ's acknowledgment in the same paragraph and using the same tone that Plaintiff has had inpatient hospitalizations feeling she was having a nervous breakdown, that she reported suicidal ideation and self-harming behaviors, and that she reported symptoms of psychosis and extreme paranoia, all of which are also symptoms of the impairments alleged. But the reader is once again in a quandary because the paragraph is then inconsistent with the next four paragraphs in which the ALJ stated his reasons for discounting the credibility of Plaintiff's allegations, and is without an apparent purpose in the decision. And, if one makes this assumption regarding the paragraph, it provides no better resolution of the problem presented because the ALJ did not explain how he decided that the evidence to discount Plaintiff's credibility should be accepted over the evidence of hospitalization, self-harming behaviors, psychosis, and extreme paranoia, all

of which (if one makes this assumption) support a finding that Plaintiff's allegations <u>are credible</u>. Choosing either scenario requires making assumptions and post hoc rationalizations to justify or to invalidate the ALJ's decision. The court may not make such assumptions or rationalizations.

This case must be reversed and remanded for the ALJ properly to explain his credibility determination so that a court might decide whether he applied the correct legal standard and whether his factual findings are supported by substantial evidence in the record. On remand, the Commissioner should also consider Plaintiff's other allegations of error in this case.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 9th day of October 2013, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**